Nation et al v. Cameron.

---

## NATION ET AL ·V. CAMERON.

1. ACTION TO REMOVE CLOUD: COMPLAINT SHOULD STATE, WHAT: In an action to remove a cloud from plaintiff's title, and cancel a fraudulent deed, the complaint should state facts showing that plaintiffs are entitled to such relief; and should describe the deed to be cancelled with such certainty as to enable an officer of the Court, upon execution, to identify the exact instrument to be cancelled.

2. DEED: INSUFFICIENT DESCRIPTION OF. As against a party not shown to be the grantee or to have possession of the deed, it is not a sufficient description of the deed to name the grantors and date without naming the grantee: and where the requisite information is ostensibly close at hand, unless such omission is sufficiently accounted for, negligence in this regard is fatal.

3. COMPLAINT: MUST ALLEGE ADVERSE CLAIM. Under our Code an action to remove a cloud from title must be against the person claiming an adverse es-

tate or interest; and a complaint which does not allege that defendant sets up or claims title to the premises against plaintiff, is insufficient.

4. SAME: ON DEMURRER: MUST SHOW WHAT. Where demurrer is interposed the facts which show the apparent validity of the instrument said to constitute a cloud, and also the facts showing its *invalidity*, ought to be pleaded.

5. SAME: DECREE. Every fact necessary to enable the Court to pronounce an accurate and lawful judgment must appear on the face of the complaint; and the decree must conform to such allegations, and cannot go a step beyond them.

6. PLEADING: CONSTRUCTION OF. A pleading is to be construed most strongly against the pleader; and ambiguities arising on the face of the pleading are to be resolved against him.

7. PRIORITY OF TITLE: ALLEGING RECORD: INSUFFICIENT, WHEN: Where the complaint itself raises an essential question as to priority of title, it should state the dates, parties, and briefly, the contents or substance of the deeds; and an allegation of the dates of recording such deeds is not sufficient, where the deeds themselves are not first sufficiently pleaded.

## Appeal from the District Court of Minnehaha County.

*Abstract of Record—Complaint:*—The plaintiffs in their amended complaint state their cause of action as follows: That they are the owners in fee of the following described premises, to-wit: The north half of the southwest quarter of section thirteen, in township one hundred and one, range fifty-six, situated in McCook county, D. T.; that plaintiffs' title to said land was derived by purchase from one Linn Loughridge, who on the 8th day of December, 1879, by Robert Nation, his attorney in fact, located the said tract under the provisions of section 2306 of the Revised Statutes of the United States; that the said Robert Nation, who is one of these plaintiffs by purchase of said Loughridge's right, title, and interest, became on said 8th day of December, the actual owner of said lands, and thereafter, by deed duly executed, the title to said premises was vested in these plaintiffs; that the record of the title of said Robert Nation, and of plaintiffs to the aforementioned premises, was made in the office of the register of deeds of said McCook county on the third day of January, 1880; that on or about the 27th day of December, 1879, the defendant procured to be made, and executed, and delivered, by the said Linn Loughridge and L. V. Loughridge, his wife, a deed of the aforesaid described lands, which said deed was on the 30th day of

December, 1879, duly filed and recorded in book "A" of deeds, in the register of deeds' office of said McCook county, and still remains of record and a cloud upon the plaintiffs' title; that at the time of procuring the aforementioned deed of Linn Loughridge, the defendant had notice of plaintiffs' title, and well knew that the said Loughridge had no right, title, or interest in said land; but intending and contriving to give trouble and annoyance in the use and disposal of the same, and to place a cloud upon the title thereto, defendant, by falsely representing to said Linn Loughridge that he, the defendant, had become the owner of said lands, and that it was necessary in order to correct errors in the chain of title to get from said Loughridge a deed thereto, did obtain the same.

Demand for Judgment; That the said deed from Loughridge and wife may be decreed fraudulent and void and that the same be by defendant given up to be cancelled of record, and for other relief.

Demurrer; To which complaint the defendant demurred, setting up the following grounds: The complaint does not state facts sufficient to constitute a cause of action; the complaint does not show that the defendant has or claims any right, title, or interest in the premises therein mentioned; the complaint does not show that the plaintiffs had any title or interest in or to the same at the time of the alleged deed from Linn Loughridge and wife; the complaint does not show that the alleged deed is a cloud upon plaintiffs' title.

And on the 16th day of June, 1880, the same was submitted to the Court, and the Court made the following ruling thereon: *Ordered*, That said demurrer be, and the same is hereby overruled. To which ruling the defendant duly excepted.

*Judgment:*—And on the 20th day of July, 1880, the following judgment was entered: The summons, with a copy of the complaint, having been personally served on the defendant more than thirty days previous to this date, and defendant having demurred to the complaint and said demurrer having been overruled, and said defendant having elected to abide by his demurrer and make no further answer herein: Now, on motion of Grigsby & Wilkes, plaintiffs' attorneys, it is hereby ordered and decreed that the plaintiffs have judgment as prayed for in their complaint, and that *all adverse claim of the defendant*, and all persons claiming through him, are decreed to be invalid. And plaintiffs are adjudged to be the

true and lawful owners of the land in the complaint described (describing it,) and their title thereto is decreed to be *good and perfect against all claims or pretensions of defendant*, who is hereby *estopped from setting up any claim thereto.* And the deed of conveyance in the complaint mentioned, executed by Linn Loughridge and wife *to John D. Cameron*, is hereby decreed to be fraudulent and void, and the same is annulled and ordered to be discharged of record, as a cloud upon the title of said plaintiffs. And it is further ordered, that the plaintiffs have and recover their costs in this action, taxed at six and five one-hundredths dollars against the defendant herein.

(Signed)                                                    J. P. KIDDER, Judge.

Dated July 20th, 1880.

And on the 6th day of August, 1880, the defendant perfected an appeal to the Supreme Court of this Territory, by serving upon the plaintiffs and the clerk of the District Court of Minnehaha county a notice of appeal, and filing a bond for costs.

Assignment of Errors; And the appellant herein says there is manifest error on the face of the record in this: the Court erred in overruling said demurrer; the Court erred in entering said judgment herein.

*Pettigrew & Swezey*, for appellant.

There is no allegation as to whom the deed runs which he " procured to be made," or that he has or claims any ownership or interest in the land, or makes any claim under the deed, or is using the same to disturb the title or cast a cloud upon it. The statement that the deed remains of record and " a cloud upon the plaintiff's title," is a mere conclusion. And there is not a fact or circumstance showing that when the defendant is summoned into court he has or claims any interest in the subject matter of the action. For this reason alone we think the complaint is fatally defective.

Independently of our Statute, section 635, Code of Civil Procedure, this action cannot be maintained as one for equitable relief in quieting title, as there is no allegation that the plaintiffs are in possession.

In *Curtis v. Sutter*, 15 Cal., 262, the law as formerly administered in equity, is well stated: " Bills of peace were of two classes. Those of one class lay where the right which the plaintiff asserted was controverted by numerous persons holding distinct and sep-

arate interests depending upon a common source. Bills of the other class lay where the plaintiff was in possession of real property, and his possession had been disturbed by legal proceedings, in which his title had been successfully maintained. To the prosecution of bills of this latter class, the concurrence of three particulars was essential—the possession in the plaintiff, the disturbance of that possession by legal proceedings on the part of the defendant, and the establishment of the right of the plaintiff by judgment in his favor in such proceedings."

In nearly all the States, where statutory actions are allowed to determine adverse or conflicting claims to real estate, the rule in equity has been incorporated in the Statute, and the action can be maintained only by a plaintiff in possession. In Wisconsin, *Wals v. Grovenor*, 31 Wis., 681; *Shaffer v. Whepley*, 37 id., 334. In California (prior to the Code,) *Curtis v. Sutter*, 15 Cal., *supra*; *City v. Beideman*, 17 id., 443; *Pralus v. Mining Co.*, 34 id., 558. In Oregon, *Stark v. Starrs*, 6 Wal., 402. In Minnesota, *Murphy v. Hinds*, 15 Minn., 183. In Illinois, *Burton v. Gleason*, 56 Ills., 25; *Comstock v. Henneberry*, 66 id., 212. In New York, *Ward v. Dewey*, 16 N. Y., 519.

While these Statutes have extended, to a plaintiff in possession, relief beyond that ordinarily exercised by courts of equity, they still require the plaintiff to allege and prove possession. See the cases above cited, especially *Stark v. Starrs*, 6 Wal., *supra*, and *Shaffer v. Whepley*, 37 Wis., *supra*. And if the complaint is defective independently of our Statute in not averring possession, it certainly cannot be maintained under the Statute, because the complaint does not allege or show that the defendant claims an estate or interest adverse to the plaintiff. The section is: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." (Section 635.)

The only provision like this one, which we have been able to find, is contained in the California code, and we find no decision under it yet reported. Whether the section contemplates all actions formerly brought in equity, as well as actions in ejectment, it is not necessary to inquire, for it is clear that no case is stated in this complaint under the Statute. The section is only intended to

provide for actions between certain parties, upon a certain subject matter, and does not purport to define what the complaint shall contain. This is left to the general rule of pleading. But it does require that it shall be shown that the defendant " claims an estate or interest in real property adverse to him," (the plaintiff.)

Under this section it seems to us the complaint must show with certainty what is the estate or interest of the plaintiff in the subject matter of the action; and also what is the claim of the defendant thereto, and the facts showing that his claim is adverse to him.

In *Wals v. Grovenor*, 31 Wis., before cited, it appears the Statute under which the action to remove a cloud was brought, provides that " any person having the possession and legal title to land may institute an action against another person setting up a claim thereto." In the complaint in that case it was alleged in the language of the Statute that the defendant makes and sets up a claim to the land: *Held*, insufficient. The Court says: " What is the nature and character of the defendant's claim does not appear. * * * We suppose a complaint under that section ought to disclose the nature of the defendant's claim, which has a tendency to throw a cloud over the title, and state such facts and circumstances in respect to such claim as show its invalidity, before a court of equity will interfere and direct it to be released and cancelled. * * * For this reason we think the complaint fatally defective in not stating the nature of the defendant's claim, and the facts and circumstances showing that the claim is illegal and liable to be used for an improper purpose to the injury of the plaintiff."

But we need not cite authority to establish a general rule of good pleading, that " the complaint should enable the defendant to know what is to be proved against him; the Court to know what judgment is to be pronounced according to law, and posterity to know what law is to be derived from the record." We always supposed it was the object of Code pleading to abolish forms—not substance—and require the facts to be stated.

If the allegation that this defendant by certain representations, and with a certain intent "procured," (whether as agent or how, does not appear,) "a deed to be executed," (to whom does not

Nation et al v. Cameron.

appear,) which deed has been recorded and "remains a cloud upon the title," is all that is necessary to allege against a defendant in such an action as this, under our system of pleading, we confess the wisdom of these latter days has reduced the system of pleading to a degree of want and barrenness which we have never comprehended.

One other circumstance to which we desire to call the attention of the court before leaving this discussion: The judgment entered decrees several of the very matters not alleged in the complaint, the omission of which we claim to be fatal. For instance, it is decreed "that all adverse claim of the defendant" be held invalid; that plaintiffs' title be held "good and perfect against all claims or pretensions of defendant;" that he be "estopped from setting up claim thereto," and that the deed mentioned in the complaint executed by Loughridge and wife "to John D. Cameron," be decreed fraudulent and void. All these matters at once become so material that counsel cannot frame their judgment without inserting them therein. This is the first time in the case that we hear of any adverse claim of the defendant, or of any claims or pretensions on his part, or that the deed in question was to John D. Cameron.

The first specification in the assignment of errors raises a question of law to which we now advert. Admitting for this argument that the plaintiffs' title is well pleaded, we claim that it appears in its inception invalid under the Federal law. When in an action of this nature the plaintiff shows no valid, legal or equitable estate in himself, he cannot invoke the aid of a court to determine the validity of defendant's claim. (*City v. Allison*, 46 Cal., 162; *Stark v. Starrs*, 6 Wal., 418.)

*Grigsby & Wilkes*, for respondents.

The allegations of the complaint show that plaintiffs are the owners in fee of the premises described therein, and states the source of their title; and further shows that the defendant, with actual knowledge of the plaintiffs' title, and intending to injure plaintiffs in their rights fraudulently procured from plaintiffs'

grantors, a deed of the land in question, prior to the record of plaintiffs' title. This deed, so obtained, by defendant, was by him made a matter of record before plaintiffs' deed was recorded, and now constitutes a cloud upon plaintiffs' title. We have in the complaint a clear showing of fraud, and the nature of it is such that a court of equity is the proper place to seek relief.

Mr. Story, in his Equity Jurisprudence, section 439, states the doctrine thus: "If conveyances or other instruments are fraudulently or improperly obtained, they are decreed to be given up and cancelled." "If a party, by fraud or misrepresentation, induces another to do an act injurious to a third person, he is made responsible for it." (Story's Equity Jurisprudence, sections 439, 395, and 1265. 15 Iowa, 41; 13 Cal. 116; 15 Ill. 92, 148.)

The issue to be discussed is raised by a demurrer to the complaint, and preliminary to an examination specifically of the objections stated, we wish to consider the general subjects of a demurrer and complaint and the rules that govern when a case is presented similar to the one at bar.

This demurrer comes under paragraph 6 of section 113 of the Code of Civil Procedure, and is termed a general demurrer; and to determine whether or not the objection that the complaint does not state facts sufficient to constitute a cause of action, is well taken, we are to observe the general rule that for the purpose of deciding the sufficiency of the complaint the facts therein stated are to be taken as true, and if any legal wrong for which the law will give redress is shown, the complaint will be held good.

As the court states it in 13 Howard Prac. 362: "The complaint to be overthrown must present defects so substantial in their nature, and so fatal in their character, as to authorize the Court to say, taking all the facts to be admitted, they furnish no cause of action whatever." (13 How. Prac. 362; 14, How. Prac. 460; 8th Abb. 7; 3d E. D. Smith, 677; Bliss on Code Pleading, sections 417 and 418.

It will be observed in the brief and argument of appellant that the demurrer outside of the objection that the title is invalid under the Federal law, goes upon the theory that plaintiffs should

have stated a case different from the one they do in fact make, and is based upon the proposition that this is either an action to quiet title and *possession* must be shown in plaintiffs, else it is a suit under the Statute for the determination of conflicting claims to real estate, and plaintiffs must state facts showing a claim of defendant adverse to plaintiff's rights; and all the appellant's argument seems to be devoted to an attempt to show, not that a cause of action is not stated, but that a cause of action under section 635 of the Code of Civil Procedure, is not stated, and if not well pleaded under that Statute, the complaint is fatally defective because there is no allegation that they are in possession actually of the property, and such possession is absolutely necessary to maintain the suit.

It seems to us the argument is not pertinent, and that no question arises about "bills of peace or statutory actions." The simple proposition is, does the complaint show a cause of action? Do the facts which plaintiffs have shown entitle them to relief? Their case is to be stated as it in fact exists: as it is said in section 151 of Bliss on Code Pleading, "all forms of action are abolished, and the pleader is required to state the facts that constitute the cause of action or defense; the facts that constitute *the* cause of action, and not facts that constitute *a* cause of action differing from the one established by evidence." "The cause of action is the wrong that has been suffered, and the facts that show the wrong, show the cause of action."

This action is brought to obtain relief against fraud. The fraudulent acts are plainly enough stated and where fraud is pleaded a statement of the facts constituting the fraud is the thing necessary to be done. The result of the fraudulent acts charged, is that a cloud is cast upon the title of plaintiffs' real estate, and this cloud plaintiffs seek to have removed. The defendant is charged with having committed the wrong, with having obtained a deed that is void, because fraudulent, and it asked that he be required to give it up to be cancelled; and although it is not shown that he has actual possession of this deed, the presumption is proper that he has, for it is a maxim of jurisprudence "that he who has fraudulently dispossessed himself of a thing may be treated as though he still had possession."

And we contend that this deed as it appears by the allegations of the complaint constitutes a cloud upon plaintiffs' title because it is apparently valid, as shown by the records; and we must introduce extrinsic evidence to show that it is not so in fact. Defendant has a *prima facie* record title, and the real owners must bring in extrinsic evidence to overthrow it, and an action to remove cloud upon title can be maintained in such cases. No general rule, it is said by Judge Selden in *Ward v. Dewey,* 16th N. Y., 529, can be laid down for the ascertaining of what will constitute a cloud upon title. Each case seems to have been decided upon its own peculiar circumstances.

Again, in 15 Cal., 134, it is said by the Court, "the true test as we conceive by which the question whether a deed would cast a cloud upon the title of the plaintiff, may be determined, is this: "Would the owner of the property in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary the cloud would exist."

Apply this test to the case at bar and the question before us is decided at once. The defendant, with his conveyanee on record prior to that of plaintiffs, would make for himself a clear undisputed case in ejectment until plaintiffs introduced evidence *dehors* the record to substantiate their allegation that they are the real owners of the property, and this deed procured by defendant, and now of record, is fraudulent and void. (Abbotts' Trial Evidence, 718; 16 N. Y., 529; 48 N. Y., 173; 73 N. Y., 430; 15 Cal., 134.)

Now in the view we have taken, the complaint states a cause of action against the defendant, and we must dissent from appellant's conclusion, that in this action it is necessary to allege possession or to show that defendant claims an adverse interest in premises other than as alleged, and we now come to consider specifically these propositions.

Under the registry laws an unrecorded title is good as against the recorded title of one who takes his deed with notice of the prior unrecorded conveyance and title, and this being so, equity and common sense alike, dictates the rule that the first purchaser may have delivered up, and cancelled of record, the apparent title to

his property, and this without reference to whether he is in actual possession or not. Where a legal title is shown, and no adverse possession appears, he with the legal title is deemed to have possession.

In *Donnelly v. Simonton*, 7 Minn., 115, which was an action to remove cloud upon title to lands, it is said by the Judge who delivered the opinion, " the objection here raised to the complaint is, that plaintiff cannot maintain this action because he does not allege possession of the premises from which the cloud is sought to be removed. I think the objection is not tenable ; the plaintiff alleges that he is the owner in *fee simple*, of the lands mortgaged, and it does not appear that any other has any interest therein. This is not an action under the Statute to determine an adverse claim, the title of plaintiff standing undisputed. The " jurisdiction of a court of equity to entertain an action of this kind, has long been recognized, and we do not find any cases which hold that actual possession is necessary in order to maintain the action." This case was one to where the appeal was taken from an order overruling a demurrer, and in a State where an action to determine adverse claims to real estate possession is by Statute made a necessary incident to maintain the action. All the cases cited by appellant in support of his proposition, that possession is necessary, are, so far as we have been able to examine, from those States where the Statute requires possession, and the actions were also in fact cases where conflicting claims arose ; so we are unable to see what force there is in appellant's argument on this point. We cite : Abbotts' Trial Evidence, 692, §§ 3 and 715, § 38 ; 46 N. Y., 186 ; 19 Ind., 322 ; 14 Ind., 228 ; 31 Barb., 364 ; 19 Wend., 369 ; 7 Minn., (Gill. Ed.) 115, 167.

We come now to consider the next proposition of appellant, that the complaint does not show that defendant claims an estate in the premises in question, and it seems evident from what we have already urged, that if our views are correct, it is unnecessary to allege that he makes any claim whatever beyond the allegations charging the fraudulent acts.

In the complaint, what defendant did is alleged. He claimed to be owner of the property, to plaintiffs' grantor, and by this means

obtained a deed which he had recorded before plaintiffs secured a record of their title. Defendant did these things knowing plaintiffs were the owners of the land at the time, and it matters not to whom the conveyance was executed, so far as defendant is concerned. He stands charged unequivocally with the fraud, and with having done these things with the intent to place a cloud upon plaintiffs' title. The demurrer concedes all this and now plaintiffs have invoked the aid of this court to secure from the defendant reparation for the wrong by him alone committed. This is the equity rule of practice, that where the defendant did not insist on maintaining his void deed, he disclaimed in his answer, and complainant got a decree ; and in this rule is found all that is necessary to charge against defendant, as to making a claim to the land in question.

The case cited in 31 Wis., 681, is certainly not in point. That was an action under the Statute to determine an adverse claim to real estate. It appears that the defendant was simply charged with setting up a claim. There is no intimation that the claim was invalid. Nothing to show that it was a cloud upon the plaintiffs' title, and here we have it appearing that clouds upon title do not always follow where adverse rights are claimed, as we have already seen, some allegation of fact ought to appear showing the claim to be a cloud. Neither is it necessary in order to constitute a cloud on title that an adverse claim be set up, because the person who might be the perpetrator of an act causing the cloud, by transfer to a stranger, might, when brought into court, answer with truth that he claimed no adverse rights ; but in the case at bar those very facts are stated which show, *first*, the apparent validity of the deed obtained by defendant from plaintiffs' grantor, and next, the facts are pleaded which show the invalidity of this deed. A further specification is, that there is no sufficient pleading of a record title. As we understand the rule, it is not necessary to set forth the chain of title in the complaint. In the case of *Waltz v. Grosvenor*, cited by appellant, the Court say : "The complaint alleges the plaintiff is the owner in *fee simple*, has the legal title and is in possession. It does not set out the chain of plaintiff's title, nor do we suppose this necessary." Again, we find it stated in the foot notes, on page 587, 1st Vol. Abbotts' Forms, citing from

Nation et al v. Cameron.

an Indiana Report, which we have not at hand: "In an action to remove a cloud upon title, the complaint need not aver the source of plaintiff's title, averring that he is owner is sufficient," and title *in fee* even, is not necessary.

Again it is urged that the defendant is not advised as to what is to be proved against him because the complaint does not state whether he acted as an agent or on his own behalf, and does not allege to whom the deed was executed. To this objection we say, he is fully advised as to what the wrong is that he committed, the time when it was committed, the representations made by him to obtain the deed ; and the day when and place where recorded, and book wherein recorded, are all minutely stated. Now, if there be a valid objection found at this point in the case, it is a want of particularity ; the object of the pleadings being to advise the opposite party of the claim against him, we submit that this object is accomplished in this complaint; but if it is not wholly, it surely is in part, and the remedy of the defendant was by a motion to make the statement more specific. (Bliss on Code Pleading, § 425 ; 39 N. Y., 436 ; 15 N. Y., 425 ; Statute, 532, §§ 129 and 535, § 145 ; 21 Minn., 163 ; Moaks' Pleadings, 228, 257, 259, 268 ; 10 Wis., 1 ; 7 Wis., 323 ; 16 Wis., 534.)

We now come to consider the last proposition that the title of plaintiffs is invalid under the Federal law, and upon this we deem it only necessary to say that this court will take judicial notice of the laws enacted by the general government, whereby it has been provided that these so-called "Soldiers Eighties" may be located, and by the means of powers of attorney. It is sufficient for us that it is so, and the means by which the title is made in these cases are only the incidents, the probative facts. The ultimate fact is what we are required to allege in the complaint, and this we have done.

SHANNON, C. J.—In this case it has been deemed proper to prefix an abstract from the record, giving the complaint, the demurrer, and the judgment, in order that its peculiarities may be observed. The defendant's demurrer to the complaint was overruled, and he having elected to stand upon it, final judgment was entered.

The demand for relief is, that a written instrument be decreed fraudulent and void, and that it be given up by the defendant to be cancelled, etc. Two things should be made to appear: *First*, that the plaintiffs are entitled to such relief; and, *secondly*, that the instrument itself should be described in the complaint with such certainty as to enable an officer of the court, upon execution, to identify the exact writing to be cancelled. Indeed, such certainty is a prerequisite to any proper decree for cancellation. A deed from John Doe and Susan Doe, his wife, dated on or about the first day of April, 1879, without naming any grantee, is surely not a sufficient description to warrant either judgment or execution of cancellation, as against a party not shown to be the grantee, or not shown to have possession of the writing. The person to whom the alleged voidable instrument is made, is the real party and the one who is called upon to deliver it up. Specific equitable relief is given by taking possession of a thing, and delivering it to a claimant, or by adjudging a written instrument void and ordering it to be delivered up or cancelled. (Civil Code, sections 1988 and 2011.)

It becomes, therefore, an essential averment that the grantee or person claiming the adverse estate or interest, should be named in the complaint, unless the pleader, in some proper manner, accounts for the omission. Where the requisite information is ostensibly close at hand, negligence in this regard is not excusable but fatal. There must be a plain and concise statement of the facts constituting a cause of action, before the defendant is called upon to answer; that is to say, of *all* the facts sufficient to constitute a cause of action. If one link necessary in the chain of this sufficiency be missing, the complaint must fall. And this is so, not merely for the safeguard of the defendant, but also that the court, from the face of the complaint alone, may be enabled, in a case like this, to pronounce an accurate and lawful judgment. For in a decree so important as this, the court cannot assume facts which are not sufficiently pleaded. The face of the complaint is the sole criterion, and the court cannot look into the records of the register's office to supply what has been omitted; for those books can only be matters of evidence. It would be absurd to imagine that such records are matters of judicial cognizance, or that, upon demurrer, the pleader could be allowed to introduce them in evidence. A

demurrer presents only an issue of law for the court upon the face of the pleadings. It is not an absolute admission of the facts stated in the pleading demurred to, but it simply denies that those facts, as stated, constitute a cause of action or of defense. If it were an absolute admission, it could be used as such at any subsequent stage of the proceedings.

In the complaint before us, it is not alleged that the deed from Linn Loughridge and wife, dated " on or about the 27th day of December, 1879," was made to John D. Cameron, the defendant. In fact as to this instrument, no grantee is at all named. Yet the judgment assumes a fact not apparent, by asserting that this deed *was executed to the defendant himself.* It is no adequate answer to say that he *proeured* such deed to be made and executed ; for *non constat* but that he may have acted as a mere agent; and in no part of the complaint is it averred that he has the alleged conveyance in his possession, or that, by virtue of it, he sets up, or claims any adverse title or interest. It is not even alleged that he filed it for record. Our statutory enactments in relation to actions concerning real estate, prescribe that such actions must be brought against the adverse claimant or holder; and for the purpose of removing a cloud upon the title, must be against the person claiming an adverse estate or interest. Measured by the standard of the most modern forms of complaint under the Codes, this one is deficient in not alleging that the defendant sets up or claims title to the premises against the plaintiffs.

No copy of the deed sought to be avoided and cancelled, is annexed to the complaint or made part of it, nor is it sufficiently described.

Where demurrer is interposed, the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated. To merely name the instrument, therefore, is generally insufficient. The instrument in this case is named as one from Loughridge and wife, of uncertain date, but to whom is not stated. The plaintiff ought also to show the special circumstances which entitle him, in the view of a court of equity, to a decree for the specific relief demanded.

The plaintiffs (Robert Nation and J. Burr Nation,) in their complaint, undertake to state the source and chain of their title. Now, the rules by which the efficiency of pleadings is to be determined, are only those prescribed by the Code; and they must be liberally construed with a view to effect the object of such pleadings and to promote justice. Still, the presumption is that the pleader states his case as favorably for his side of the controversy as the facts will justify; and hence the rule adopted by the courts is, that a pleading is to be construed most strongly against the pleader, and that ambiguities arising on the face of the pleading, are to be resolved against him.

The allegation is, "that plaintiff's title to said land was derived by purchase from one Linn Loughridge, who on the 8th day of December, 1879, by Robert Nation, his attorney in fact, located the said tract under the provisions of section 2306 of the Revised Statutes of the United States; that the said Robert Nation, who is one of these plaintiffs by purchase of said Loughridge's right, title, and interest, became on said 8th day of December, the actual owner of said lands, and thereafter, by deed duly executed, the title to said premises was vested in these plaintiffs."

It amounts to this, that Loughridge, on the 8th of December, 1879, by his agent, Robert Nation, *located* the land under the provisions of the homestead laws; and yet on the same day Robert Nation became the actual owner *by purchase* from Loughridge; and *thereafter*, by deed duly executed, the title was vested in plaintiffs. But singularly enough, the date of this deed is entirely omitted, and the word "thereafter" is substituted. Why this omission of an important fact within the knowledge of the plaintiffs? Their own pleading discloses an outstanding title in some one, not named, of date about 27th of December, which they seek to disperse. Their dateless deed may have been obtained afterwards; and the complaint itself raises an essential question as to the priority of the two deeds. When priority of title is thus made an element, the date of the alleged prior right cannot be dispensed with. For how else on demurrer, can the court decide and make a decree upon the question? Nor is the matter helped by asserting "the defendant had notice of the plaintiffs' title," unless they first specify and show it to have been

anterior. The demurrer only admits such matters as are well or sufficiently pleaded. The practice in equity, like that under the Code, demands that the bill shall contain a plain and concise statement of the facts—and of facts sufficient to constitute a cause for the relief. Hence the bill, or complaint, in a case such as the present, must state the deed of purchase, the date, parties, and the substance or contents briefly. It should show that the title purchased was apparently perfect or good at law, and transferred by writing. If Loughridge had the power to sell, then Robert Nation could only purchase by means of an instrument in writing; yet that he so purchased is not averred. It is not stated that he purchased *by a deed* or otherwise. For aught that appears, it might have been been an oral agreement or understanding, "*thereafter*" reduced to writing. And how the title to the premises became vested in these two plaintiffs, is not plainly or concisely set out. An undescribed deed, without date, or name of grantors, is all the guide that can be found. Did Robert Nation execute a deed to J. Burr Nation? And if so, what interest was conveyed? Do they hold in severalty or common? Or was the deed made by Loughridge and wife to both the plaintiffs? No proper answers to these questions are contained in the recital "that the record of the title of said Robert Nation and of plaintiffs * * * was made in the office of the register of deeds," etc. The deeds themselves must first be sufficiently pleaded, and the date of the recording is only essential as to priority and notice.

The object and effect of the recording acts are well understood. They are intended to give constructive notice to all purchasers and incumbrancers subsequent to the recording; and, under certain circumstances, to give the preference to the conveyance first duly recorded. They were not intended to obviate the necessity of properly describing the deed in the complaint, nor do they, in any way, change the rules of pleading. The record of the conveyance, or an authenticated copy thereof, is only admitted in evidence under certain conditions, when the original is shown to be lost, etc. (See section 494, Code of Civil Procedure.) The pleader cannot, by such bald recital, make the alleged record a part of his complaint so as to supply a deficiency in material averments, nor can the court look beyond the face of the pleading.

The decree must conform to the allegations and cannot go a step beyond them; and this rule is not only one which justice requires, but one which necessity imposes on courts. If there be no answers, the relief must be exactly consistent with the case as made by the complaint and embraced within the issue of law. As before suggested, the office of the complaint is not alone to enable the defendant to know what is to be proved against him, but also to show to the court what judgment can or is to be pronounced according to law; and so that every one may know what law is to be derived from the record.

The judgment entered, decrees several matters not alleged. For instance, it is decreed "that all adverse claim of the defendant" be held invalid; that plaintiffs' title be held "good and perfect against all claims or pretensions of defendant;" that he be "estopped from setting up claim thereto;" and that the deed *mentioned* in the complaint, executed by Loughridge and wife to "John D. Cameron," be decreed fraudulent and void. All these matters so essential to a judgment, cannot be found in the complaint, and are first seen in the decree.

The appellant claims that plaintiffs' title is invalid under the Federal Statutes; and that, in an action of this nature, where the plaintiff shows no valid legal or equitable estate in himself, he cannot invoke the aid of a court to determine the validity of the defendant's claim. (Citing *Stark v. Starrs*, 6 Wall., 418; *City v. Allison*, 46 Cal., 162.) To support this position, and to show that Loughridge acquired no estate by his alleged *location* by an attorney in fact, the appellant refers to sections 2306, 2304, 2305 and 2309 of the Revised Statutes. But we do not deem it either necessary or advisable, in the present condition of the case, to decide any of the questions under the Federal laws. Enough has been shown to satisfy us that the judgment must be *reversed* with the usual order.

BARNES, J., dissenting.