THE 420 MINING COMPANY, Appellant, *v.* THE BULLION MINING COMPANY, Respondent.

Acts of Congress Relating to Mining Claims — Jurisdiction of State Courts. The object of the acts of congress of July 26, 1868, July 9, 1870, and May 10, 1872, in relation to the location of mining claims, was not to confer any additional jurisdiction upon the state courts, but to require parties protesting against the issuance of a patent to try the right of possession and have the controversy determined in the state courts by the same rules, and governed by the same principles, and controlled by the same statutes, that apply in other cases.

Statute of Limitations as to Mining Claims. The act of congress of 1872, in relation to the location of mining claims and the determination of the right thereto in case of conflict (U. S. Stats. 1872, 91, Sec. 7), does not prevent the application of the state statute of limitations : on the contrary, an actual, exclusive and uninterrupted adverse possession for the statutory period constitutes a complete bar.

Pendency of Ejectment Does not Estop Plaintiff from Claiming Adverse Possession. The pendency of a suit to recover possession of real estate does not estop the plaintiff, in case of a suit subsequently commenced against himself, from setting up the statute of limitations and claiming rights and privileges under it.

FORCIBLE POSSESSION—NO INFERENCE OF HOLDING AS TENANT IN COMMON WITH PERSON OUSTED. Where a person, who had brought a suit in ejectment for a mining claim, afterwards forcibly ousted defendant and thenceforward held actual and exclusive possession: *Held*, in a subsequent suit by the party ousted, that it was not to be inferred that the party ousting did not hold such possession adversely to the party ousted.

APPEAL from the District Court of the First Judicial District, Storey County.

The property in controversy in this case consisted of four hundred and twenty feet of mining ground on the Comstock Ledge, next south of the Chollar claim, in Storey County. The facts are fully stated in the opinion. There was a judgment for defendant. Plaintiff moved for a new trial, which was refused, and it then appealed from the judgment and order.

*Lewis & Deal*, for Appellant.

I.    The statute of limitations of this State cannot have any application, because no act of a state can cut off or limit rights conferred on the citizen by the federal government. The act of congress authorizing the location of mining claims confers upon the locators certain rights, under certain conditions. When these conditions are performed by the miner, state laws cannot deprive him of rights so conferred. To hold that it can is to make the state superior to the federal government in the disposition of its own property; to invest the state with the power of defeating the bounty of congress, and to virtually annul its laws. Take the case of a preemptor: surely if he has complied with all the acts of congress, it cannot be successfully maintained that the state can by any character of act deprive him of his right to a patent upon his application for one. That case is no stronger than this.

II.   Again, the statute pleaded in this action is the statute governing the recovery of the possession of mining claims. That is not the character of this action.   This is an action authorized by an act of congress and is simply to try the right to patent or rather to determine who has the better right under the acts of congress and the rules and regulations of miners.   It may be admitted that congress cannot confer jurisdiction on a state court; but it is not necessary to claim that it could.   The court, by virtue of its common law powers, would have jurisdiction of the question without such act.   But when it assumes jurisdiction in such case, it must look to the acts of congress to ascertain the rights of the parties; congress has full power to make the decisions of the local courts on any such questions binding on its land officers; and this is about all the act of congress amounts to in the matter of jurisdiction.   It does not confer jurisdiction, but only provides that the decision of the state courts shall be received by the officers of the land office as evidence upon the question as to which party may be entitled to a patent. It confers rights upon persons taking up a mining claim, doing a thousand dollars' worth of work on it, and who conform to the requirements of the rules and regulations of the miners.   How then can an act of the State deprive a person, who has brought himself within the acts of congress, of the rights so conferred on him ?

III.   Again, the statute cannot be relied on because in an action brought by the Bullion Company in 1865, it alleged the possession of the 420 Company, and that action remained pending until June, 1872, less than two years before the bringing of this action.   That action was a continuing allegation or admission that the 420 Company was in possession up to the time the action was dismissed; and it can not now come in and against the same party stultify itself by alleging that the 420 Company has not been in possession within two

years.  2 Grant's Cases, 60; 1 Greenleaf on Ev. Sec. 27. Hence, so far as the defendant is concerned, the 420 Company was in possession up to June, 1872.  But independent of this, to make a claim adverse so as to put the statute of limitations in motion, the possession must be open and notorious. . There is no finding to that effect here.

*L. Aldrich* and *C. E. De Long*, also for Appellant.

*D. Bixler*, for Respondent.

I.  This suit was based on sec. 256 of the Practice Act. To maintain it, it was necessary for the plaintiff to show that at the time of the commencement of the action it was in the actual possession of the claim in dispute.  It failed completely to do so.  There is not a scintilla of evidence in the entire record even tending to establish that fact; on the contrary, it clearly appears that at the time of the commencement of the action the defendant was in the exclusive adverse possession of the premises sued for, and had been in such possession for years prior thereto.

II.  The complaint in the case of the Bullion Company *v* 420 Company was in ejectment, and contained the ordinary allegations of title in the plaintiff, and ouster by the defendant.  It was nothing more than a statement made on behalf of that company by the attorneys and the secretary, who verified it.  It was not made by the corporation, and was in no sense a statement or declaration of that body, and consequently no clause in it can be held as an admission of the corporation.  The statement then made was that the 420 Mining Company had in the year 1865 forcibly entered upon the ground now in dispute, and was at the time in possession of the same; nothing more.  It was a declaration made on that day, and so far as being an admission, it ended at that time.  Admit then that we are estopped from

denying the so-called admission, we lose nothing by it, for we are thereby only prevented from denying that the 420 Company was in possession on the day before mentioned.

III. It devolved upon plaintiff, under the statute of limitations, to show that it was seized or actually possessed of the mining ground sued for within two years next before the commencement of the action. *Gottschall* v. *Melsing*, 2 Nev. 185; *Chollar Co.* v. *Kennedy*, 3 Nev. 361. This it did not show. On the contrary, it appears that defendant had been in the actual, exclusive, and uninterrupted possession of the premises, claiming title thereto, and holding adversely to the plaintiff for more than seven years next before the commencement of the action. That constituted a complete bar to the action under the rules applicable to other real estate, which, by the terms of the law, are made applicable to mining claims. The claim that the finding was insufficient to justify the operation of the statute because it failed to assert the possession of the defendant as "open and notorious," is not justified by statute or decision. That is an element of evidence, but not a subject of finding. A finding is sufficient if it follow the language of the statute.

IV. If plaintiff ever had a cause of action, it accrued in 1865. We then forcibly ejected its agents and assumed exclusive possession of the premises. The plaintiff knew that fact. It could have then commenced its suit. The statute commenced to run in 1865, and there was no attempt to interrupt it for seven years. The fact that defendant commenced a suit in 1865 does not relieve plaintiff from the effect of the statute.

By the Court, HAWLEY, J.:

This action was commenced on the 29th day of November, 1872. It is alleged in the complaint that plaintiff is now, and it and its grantors have been since 1859, the own-

ers of, in the possession of, and entitled to the possession of certain mining ground, consisting of four hundred and twenty feet (described by metes and bounds); that the defendant claims an estate or interest therein, adverse to plaintiff, and that said claim is without any right; that on the 16th day of November, 1865, the Bullion Mining Company, defendant herein, commenced an action in the District Court of Storey County against the plaintiff to recover possession of said mining ground, "which said action was entitled 'Bullion Mining Co. plaintiff, v. Four Twenty Mining Co. defendant;'" "that on the 27th day of November, 1865, this plaintiff, then defendant, duly filed and served its answer to the complaint in said action, specifically denying every material allegation in said complaint; that thereafter and before the dismissal of said action as hereinafter set forth, said Bullion Mining Company filed its application with the register of the land office at the City of Carson, State of Nevada, for a patent from the government of the United States to certain mining ground, and included in said application the four hundred and twenty feet of mining ground hereinbefore described; that the Four Twenty Mining Company in due time filed its protest to said application for patent, setting up its adverse claim to the northern part or portion to the extent of four hundred and twenty feet of the mining ground embraced in said application, and, among other matters, set forth the pendency of said action, and thereupon all proceedings in said application for patent were stayed; that thereafter and on, to-wit: the 5th day of October, A. D. 1868, the said action was stricken from the calendar of said court and the papers therein sent to the clerk's office, subject to reinstatement, and that on, to-wit: the 3d day of June, A. D. 1872, on motion of counsel for plaintiff, said Bullion Mining Company, said action was placed on the calendar, and on motion of same counsel was dismissed, in the absence of, without the knowledge of, and without

notice to, the defendant, the Four Twenty Mining Company, or its counsel, of either or any of said motions; and that the said Four Twenty Mining Company or its counsel had no knowledge of the action of said plaintiff until after the filing of a certificate of dismissal of said action with the register of the land office aforesaid."

It is further alleged: "that the rights of the respective parties to the possession of the said mining ground and premises have never been judicially determined, or settled, or in any manner adjusted." The prayer is that the defendant may be required to set forth the nature of its claim; that it be decreed and adjudged "that the defendant has no estate or interest whatever in or to said mining ground, and that the title of plaintiff is good and valid; that the defendant be forever barred from asserting any claim whatever to said mining ground," etc.

The defendant, in its answer, denies the ownership and possession of plaintiff and avers "that at the commencement of this action, and for a long time prior thereto, it was, and still is, the owner of and in the possession of and entitled to the possession of said mining ground * * and every part thereof." And for further answer, pleads the statute of limitations.

The cause was tried before the court without a jury. From the findings of the court it appears "that sometime in the fall of 1859, a shaft was commenced on the northern end of the ground in dispute in this action by some persons claiming to represent a company called the 420 Company, and thereafter down to the early part of the year 1863, work was done in three different shafts on the ground in dispute, by persons claiming to work for a company called the 420 Company; that no further work for any company of that name is shown to have been done until sometime in the year 1865, when some persons commenced work in a shaft on said ground claiming to work for the 420 Company, and contin-

ued·there for a short time until ejected by the employees of defendant, as hereinafter stated." (Finding 3.) "That the agents of defendant, in the year 1865, forcibly ejected from the mining ground in dispute in this action, the persons mentioned in finding 3 as working thereon for the 420 Company, and from that time until the commencement of this action and until this trial, the defendant has been in the actual, exclusive and uninterrupted occupation and possession of all of the mining ground in dispute in this action, * * claiming title thereto, and claiming the same adversely to this plaintiff." (Finding 9.) These findings are fully supported by the evidence. The commencement, pendency and dismissal of the suit entitled " Bullion Mining Co. *v.* Four Twenty Mining Co.," is set forth in the findings substantially as alleged in plaintiff's complaint. The complaint in that action was verified by George W. Hopkins, secretary of said Bullion Mining Company. It was alleged in said complaint that the Bullion Mining Company was the owner of, and entitled to the possession of, the mining ground in dispute in this action; that the Four Twenty Mining Company had wrongfully and unlawfully entered upon, taken possession of, and ousted the plaintiff from said mining ground, and was still in possession thereof, claiming adversely to the Bullion Mining Company and refuses to permit the Bullion Mining Company to possess, use or occupy said mining ground, or any part thereof, "in common with the defendant or otherwise."

1.  To avoid the statute of limitations, it is claimed by appellant that this action is brought under an act of congress; and hence, that the limitations provided for by the statute of this State do not apply. The act of congress provides that where an adverse claim is filed within the time and in the manner specified in said act, certain proceedings " shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the

adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession and prosecute the same with reasonable diligence to final judgment, and a failure to do so shall be a waiver of his adverse claim." The act further provides that " after such judgment shall have been rendered, the party entitled to the possession of the claim  *  *  may  *  *  *  file a certified copy of the judgment-roll with the register of the land office," and upon compliance with this and other provisions in said act, "a patent shall issue thereon for the claim, or such portion thereof as the applicant shall appear, from the decision of the court, to rightly possess." (U. S. Stats. 1872, 91, Sec. 7.)

Congress did not by the passage of this act, or by the acts passed July 26, 1866, and July 9, 1870, confer any additional jurisdiction upon the state courts. The object of the law, as we understand it, was to require parties protesting against the issuance of a patent to go into the state courts of competent jurisdiction and institute such proceedings as they might under the different forms of action, therein allowed, elect; and there try " the rights of possession" to such claim and have the question determined. The acts of congress do not attempt to confer any jurisdiction, not already possessed by the state courts; nor to prescribe a different form of action. If the parties protesting are in possession of the ground in dispute, they can bring their action under sec. 256 of the Civil Practice Act (Stats. 1869, 239,) or, if they have been ousted from the possession, they could bring their action of ejectment; and in either action " the rights of possession" to such claim could be finally settled and determined. We are of opinion that when the action is brought, whatever may be its character, it must be tried by the same rules, governed by the same principles, and controlled by the same statutes that apply to such actions in

our state courts, irrespective of the acts of congress. The fact, as found by the court, that the defendant had been in the actual, exclusive and uninterrupted occupation and possession of all the mining ground in dispute, claiming title thereto adversely to plaintiff for more than seven years prior to the commencement of this suit, constitutes a complete bar to this action. 1 Comp. Laws, 243, 244, Secs. 4, 5.

To have maintained any action in our State courts "to try the rights of possession" to a mining claim, the plaintiff must have shown that it, or those through or from whom it claims "were seized or possessed of such mining claim, or were the owners thereof, according to the laws and customs of the district embracing the same, within two years before the commencement of such action." 1 Comp. L. 1019, Sec. 4.

2.    But it is argued by appellant's counsel that owing to the pendency of the suit of the "Bullion Mining Co. v. Four Twenty Mining Co.," until June, 1872, the defendant in this suit is concluded from asserting any rights or privileges under the statute of limitations. This position is sought to be maintained upon the theory that the defendant by allowing that suit to remain is estopped from proving, in this action, that the Four Twenty Mining Company was not in possession at the time of the dismissal of said suit, counsel claiming that as long as said suit remained pending in said court it amounted to a continuous allegation, from day to day, that the Four Twenty Mining Company was in possession; and that said suit not having been dismissed until the 3d day of June, 1872, the statute did not begin to run until that time.

We consider this position wholly unsupported by reason or authority. The general doctrine announced in the authorities cited by appellant to the effect that no man can take advantage of his own wrong and thereby sustain a defense of which in conscience he ought not to be permitted to avail

17

himself, has no application to this case. The averment in
the complaint that on a certain day the Four Twenty Mining
Company was in possession of certain mining ground was a
mere statement or declaration, subject to amendment and
susceptible of proof. But if treated as a *solemn admission* it
would only amount to a continuous allegation that on the
16th day of November, 1865, the Four Twenty Mining Com-
pany was in possession of said ground—a fact which defend-
ant in this suit does not attempt to deny. The fact then of
the pendency of such a suit in no wise estops the plaintiff
from pleading the statute of limitations. If the agents,
servants and employees of plaintiff were forcibly ejected from
the ground in dispute in 1865, it must have known the time
when it occurred. It must also have known that defendant
was in possession claiming the ground adversely to it, and
it was not, by any act of this defendant, prevented from
commencing an action to preserve its rights to said ground
before the period prescribed by the statute of limitation had
expired. It cannot plead ignorance of the law or the laches
of defendant in not bringing the former case to trial or
having it dismissed, as an excuse for not asserting its rights
until the same were barred by the statute.

3. The findings of the court are sufficient to show that
the possession of defendant was "open and notorious."
The objections urged by appellant upon this point are
clearly untenable.

4. Appellant contends that the entry of defendant in
1865 should be construed simply as an assertion of the
rights it claimed in the action of ejectment. The averments
of the complaint in said action, although subject to criti-
cism, will hardly justify the position upon which said claim
is founded, to wit: that the defendant claimed merely a right
of tenancy in common with the plaintiff. When the plaintiff
was forcibly ousted the defendant claimed the whole of the

ground in dispute, and has ever since had the actual and exclusive possession thereof, claiming the same adversely to the plaintiff. This fact entirely destroys the conclusion sought to be maintained by appellant.

The judgment of the district court is affirmed.