[No. 1028.]

## JOHN STEEL et al., Appellants, *v.* GOLD LEAD GOLD AND SILVER MINING COMPANY, Respondent.

MINING CLAIMS—EJECTMENT—WHEN FORFEITURE NEED NOT BE PLEADED—In an action of ejectment, to recover the possession of a mining claim, where the defendant relies upon a forfeiture by plaintiff, for failure to do the necessary work required by the act of congress (Rev. Stat. 2326) such forfeiture need not be specially pleaded.

IDEM—APPLICATION FOR PATENT—WHEN PARTY NEED NOT PROTEST.—Where a mining company has regularly applied for a patent to a mining claim, it need not, in order to preserve its rights, protest against any subsequent application for the same ground while its own application is pending in the land department. Upon such a state of facts it is entitled to be heard and to have its rights determined in the proper forum wherever they are questioned whether it be in the state courts or in the land department of the government. (Leonard, J., dissenting.)

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are sufficiently stated in the opinion.

*Kirkpatrick & Stephens* and *Lindsay & Dickson*, for Appellants:

I. It was error to permit the defendant to introduce testimony tending to prove that plaintiffs had failed to do any

work upon the Emma claim in the year 1877 ; and that plaintiffs had performed insufficient work thereon in the year 1878.    The object of the testimony was to establish the fact that plaintiffs had forfeited their title and right of possession to the Emma claim by failing to perform thereon the annual labor required by the law of congress.    Where a forfeiture is relied upon it must be pleaded.    (*Morenhaut* v. *Wilson*, 52 Cal. 268 ; *Dutch Flat Co.* v. *Mooney*, 12 Cal. 534 ; *Bell* v. *Bed Rock Co.*, 36 Cal. 214 ; *Gelston* v. *Hoyt*, 3 Wheat. 246.)

II. The court erred in instructing the jury that the law required a record of the location to be made ; there being no evidence introduced of the existence of any local rules, regulations or customs in the district embracing the claim. (*Golden Fleece* v. *Cable Con.*, 12 Nev. 322.)

III. The court erred in admitting in evidence the deed from the Jacob Little Con. Mining Company to the defendant.    It was admitted at the trial that the Jacob Little Con. Mining Company had failed to file any protest or adverse claim against the defendant's application for a patent. We contend that by such failure on the part of the Jacob Little Company it waived in favor of all parties appearing in the land office, either as applicant or protestant, any title it might have had to the premises in controversy.    It is clear that after such failure the Jacob Little Company itself could not have intervened, nor in any manner have asserted any title to the premises—how, then, could it confer upon its grantee the right to do so ?    Yet the court admitted the deed in evidence, and instructed the jury that if they found that a valid location had been made by the predecessors of the Jacob Little Company, and that such location had been maintained by the Jacob Little Company and its grantors, then their verdict should be for the defendant.    (See section 2326 Revised Statutes of U. S.; *Bissel* v. *Henshaw*, 1 Saw. 583–5 ; *Treadway* v. *Semple*, 28 Cal. 659–60 ; *Semple* v. *Wright*, 32 Cal. 666 ; *U. S.* v. *Halleck*, 1 Wall. 454 ; *U. S.* v. *Estudillo*, 1 Wall. 716 ; *Eureka Co.* v. *Richmond Co.*, 4 Saw. 317.)

IV. If the deed from the Jacob Little Company to defendant was admissible for any purpose it was only admissible for the purpose of showing title in the defendant to that portion of the Jacob Little Company's claim which conflicts with the plaintiffs' claim, and which was not in controversy in the action brought by the Sierra Nevada Company against the Jacob Little Company, which portion, as appears from the map, is an infinitessimal part of the premises now in controversy, and the effect of the deed as evidence should have been so limited.

*Lewis & Deal,* for Respondent :

I. It was competent for the defendant to show that the plaintiffs had done no work on the Emma in the year 1879. In all cases of this kind it is incumbent on the plaintiff to show title in himself. He can show that title for one year by simply proving his location in accordance with the requirements of the law and the mining rules. But suppose the entry were made after the expiration of the first year; then it would be necessary for the plaintiff to prove that the title, which he acquired by reason of his location, was continued by a further compliance with the law—that is, by the performance of labor. The act of congress clearly requires the performance of labor in every year after the location, otherwise the title is not maintained. The location gives a title only for one year; the labor performed continues that title—hence it is just as essential to show that the act of congress has been complied with by the doing of work as it is to show the location in the first instance. There can be no subsisting title after the first year except by a compliance with the act of congress, and that act declares that if the work be not done the mine becomes open to the next locator—shall in fact be as if no location had ever been made.

It will be seen at once that the failure to do work does not result in a strict forfeiture, because after the first year there is nothing to forfeit, the title by location terminates by lapse of time, where there is no work to continue it. If

nothing were shown but the location the court would have
to presume that the title acquired by it terminated in one
year unless something more were shown.   Therefore, we
say it is incumbent on the plaintiff, if he wishes to recover
on a right of possession after such year, to show his work,
as required by law.

In case of strict forfeiture, as in the case of *Gelston* v.
*Hoyt*, 3 Wheat. 246, no proof of the kind is required of the
plaintiff.

II. As far as the second ground of error is concerned, we
claim that it could in no wise injure the appellants if the
court holds that the deed from the Jacob Little was properly
admitted, for the admission of that deed not only shows us
to have an unimpeachable title, but also shows that any title
which the appellants may have acquired by location or
otherwise was completely annulled by their failure to protest
against the Jacob Little application for a patent.

III. The deed of the Jacob Little company to the respond-
ent was admissible in evidence.

We admit that a person having a claim at the time an
application for a patent is made failing to protest, is cut off
and loses his title; but we contend that a person having
such a claim, who himself has applied for a patent, need
not protest, and hence, that in this case the Jacob Little
having applied for a patent, was not called upon to protest
against the Gold Lead application.

Actions brought under this act of congress are not differ-
ent from actions formerly brought for the same purpose.
Nor has the judgment any different force or effect.   (*420* v.
*The Bullion*, 9 Nev., 248.)

IV. The result of the proceedings in the Jacob Little
application for a patent amounted to an adjudication that as
between the parties to the suit the Sierra Nevada had the
better right of possession.   It could not possibly amount to
anything more.   The act of congress declares that that is
the only fact to be decided by the courts, and we think it is
clear from the case of *The 420* v. *The Bullion* that nothing
else can be decided in these cases.

If the proceedings in the land office were in effect a decision that the Jacob Little had a good title against all persons except the Sierra Nevada, then surely it could rely upon such decision and title against all persons except the protestant, as it could rely upon any other decision in its favor, and could of course transfer its title to any one else, as was done here.

By the Court, HAWLEY, C. J.:

This suit was brought to determine the right of possession to certain mining ground for which defendant had applied for a patent. The complaint and answer contain the usual averments. Defendant subsequently filed a supplemental answer, claiming title to the ground in controversy by virtue of a deed from the Jacob Little Consolidated Mining Company. When the cause was tried, plaintiffs introduced evidence, oral and documentary, tending to prove a valid location by them on January 1, 1877, of the ground described in their complaint as the Emma claim. The defendant introduced evidence, oral and documentary, tending to prove a location made by defendant's grantor, Andrew Charles, on August 28, 1878, of the Gold Lead claim. A witness was then called and testified on behalf of defendant that he was and had been acquainted with the premises described in the complaint as the Emma claim ever since the first day of January, 1877. This witness was then asked the folllowing question : "Did the plaintiffs do any work on the Emma claim in the year 1877?" Plaintiffs objected to this question on the ground that defendant, in its answer, failed to plead or rely upon a forfeiture of plaintiffs' interest in the premises in controversy, by reason of their failure to perform the work or make the expenditure required by law upon the Emma claim. This objection was overruled, and the witness testified "that the plaintiffs had done no work on said Emma claim in the year 1877." Other witnesses gave testimony tending to prove that plaintiffs did no work and made no expenditures on the Emma claim in the year 1877, and that plaintiffs did not

perform one hundred dollars worth of work in labor on said claim in the year 1878.

The plaintiffs admitted, for the purposes of this trial, that the predecessors in interest and grantors of the Jacob Little Consolidated Mining Company made a valid location on the thirty-first of January, 1863, of the Jacob Little Consolidated Mining Company's claim; that said location embraces the portion of the Emma claim described in the answer; that the Jacob Little Consolidated Mining Company, on the second of July, 1877, regularly filed its application for a patent from the United States for said claim; that plaintiffs failed to make or file any protest or adverse claim to said application.

Defendant admitted that the Sierra Nevada Mining Company, within the time allowed by law, duly made and filed its protest and adverse claim to the application of the Jacob Little Company, and within due time instituted a suit in the proper court against the Jacob Little Company to determine the right of possession to the premises embraced in said application; that a judgment was rendered in said action on the twenty-seventh of December, 1878, in favor of the Sierra Nevada Company; that upon the determination of said suit the Sierra Nevada Company caused a certified copy of the judgment roll in said action to be filed with the register of the United States land office; that no further proceedings have been had in said cause nor in said land office under said application; that the Sierra Nevada Company has filed its protest and adverse claim against the application of the defendant herein for a United States patent and duly commenced an action against defendant, which is pending and undetermined, to determine the right of possession to the premises in controversy herein, and that the Jacob Little Company failed to file its protest and adverse claim to the application of defendant for a patent.

Thereupon defendant offered in evidence a deed executed on the twenty-sixth of September, 1879, from the Jacob Little Company to the defendant, whereby all the right, title and interest of the Jacob Little Company in and to the

Jacob Little claim was conveyed to the defendant. Plaint-
iffs objected to the admission of this deed in evidence,
because it appeared from the admission made by the
defendant that the Jacob Little Company, at the time
said deed was executed, had no right, title or interest in the
premises in controversy which could be used adversely to
the plaintiffs in this action; that said deed, if admissible at
all, is only admissible for the purpose of showing title in
the defendant to that portion merely of the Jacob Little
claim which is embraced in the Gold Lead and Emma
claims, and which is not included within the premises recov-
ered by the Sierra Nevada Company. The court overruled
these objections, but limited the deed to so much of the
Jacob Little claim described in the deed as was in conflict
with the Emma claim.

There was no evidence in the case tending to show that
the defendant or the Jacob Little Company ever acquired
any title or interest to any portion of the premises in contro-
versy from the Sierra Nevada Company. No evidence was
introduced of any local laws, regulations, or customs. The
premises for which the Sierra Nevada Company recovered
judgment include nearly the entire claim described in the
deed from the Jacob Little Company to the defendant, and
nearly all of the Emma claim which conflicts with the Gold
Lead claim and the Jacob Little claim. Judgment was
rendered in favor of defendant.

1. Did the court err in admitting evidence to show that
appellants did not perform the amount of work required by
law during the years 1877 and 1878? It has been decided,
in an action of ejectment to recover the possession of mining
ground, that if the defendant relies upon a forfeiture by
plaintiff for failure to comply with the local rules and regu-
lations of the mining district, the forfeiture must be spe-
cially pleaded. The reason given for this rule is that "a
defense based merely upon forfeiture does not involve a
denial of the plaintiff's possession, or right of possession, at
the date of the defendant's entry" (*Morenhaut* v. *Wilson,*
52 Cal. 268), which are the only necessary allegations in the

action of ejectment. But this reason does not, in our opinion, apply to an action like the present, brought under the "act concerning the determination of conflicting rights to mining claims in certain cases" (1 Comp. Laws, 1674), which is designed to supplement section 2326 of the revised statutes of the United States. These actions may be brought by the plaintiff whether he is in or out of possession of the mining ground in controversy, and the "only sensible construction of the law is that each party must prove his claim to the premises in dispute, and that the better claim must prevail." (*Golden Fleece Co.* v. *Cable Con. Co.*, 12 Nev. 321.) In such actions, the question whether the plaintiff has forfeited any rights under the acts of congress is necessarily involved, and need not, when relied upon by defendant be specially pleaded. The court did not, therefore, err in admitting this evidence.

2. Did the court err in admitting the deed from the Jacob Little Company in evidence without limiting it to that portion of the ground which was not in controversy in the action brought by the Sierra Nevada Mining Company against the Jacob Little Company? It seems to us that it is unnecessary to decide this question. The action of the court in admitting it, if erroneous, did not prejudice appellants. The only title which they assert to the ground in controversy is derived from the location of the Emma claim, which was prior in time to the application of the Jacob Little Company for a patent, and whatever rights they may then have had to this ground were waived and lost by their failure to protest against that application; at least, so far as the rights of the contesting parties under that application are concerned. (Rev. Stat. U. S. 2326.)

But appellants contend that the Jacob Little Company had waived its right to the premises in controversy by reason of its failure to protest against the application of the Gold Lead Company for a patent. This position cannot be maintained. The Jacob Little Company, having regularly applied for a patent, was not, in our opinion, compelled, in order to preserve its rights, to protest against any subse-

quent application for the same ground while its own application was still pending in the land department. (*Rose* v. *Richmond M. Co.*, 17 Nev. 25; *Resurvey of Crown Point Lode*, Sickel's Mining Decisions, 116; *Application of Haggin for Patent to Hurricane Lode*, Id. 243.)

This contest is not between the Gold Lead Company, as the owner of a subsequent location, and the Jacob Little Company, a prior applicant for patent. It is between appellants under their title to the Emma mine, which was located prior to the application of the Jacob Little Company, and respondent as owner of the Jacob Little title. We do not, therefore, think that under the facts of this case we are required to decide whether the Gold Lead Company (respondent) pursued the proper course in order to secure a patent, on the theory that the Jacob Little Company, the Sierra Nevada Company, and the appellants had each forfeited their respective rights to the ground in controversy.

In a case where a party applies for a patent and thereafter fails, before the patent is issued, to comply with the law in respect to the amount of work required to be done, so that the ground becomes open and subject to relocation, and a new location is made, it may be that the party relocating the ground should first take steps to have the previous application dismissed in the land department before making an application for a patent, and that the rights of these parties would have to be tried and determined in the land department. (*Application for Patent to Wildman Quartz Mine*, Sickel's Mining Decisions, 275.) But, be that as it may, it is enough for us to declare, as we have, that if an application can be made by the subsequent locator, the previous applicant is not required to protest against such an application.

The Jacob Little Company having applied for a patent to the mining ground in controversy in this action, and its application being still pending, it is, it seems to us, entitled to be heard and to have its rights determined in the proper forum where they are questioned, whether it be in the state courts or in the land office. The defendant having procured its title is entitled to the same rights.

We deem it proper to add that it is apparent to us, from the admitted facts in this case, that neither the appellants nor respondent have any right whatever to that portion of the ground in controversy for which the Sierra Nevada Mining Company obtained judgment. The result of this litigation as to that portion of the ground must necessarily be fruitless unless the Sierra Nevada Mining Company has abandoned or forfeited its rights or will surrender them to the successful party in this action.

The judgment of the district court is affirmed.

LEONARD, J., dissenting : I dissent.