[No. 4,497.]

## ANTHONY CLARK v. WILLIS JONES.

ACTIONS BETWEEN TENANTS IN COMMON.—If several persons are the owners, as tenants in common, of a mining claim, and one of them is also a tenant in common with several other persons in the ownership of an adjoining claim, and the first named owners lease their claim to the second named owners, to be mined for a given term, and the one of the lessees who is a tenant in common in both claims, and superintendent of the lessees' claim, after the term of the lease has expired, as superintendent of the lessees and a member of their company, sells the tailings of the claim leased, and accounts to the lessees for the proceeds, the other lessors cannot maintain an action against him as a tenant in common in their company for their proportion of the proceeds.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

The plaintiff, Anthony Clark, and J. M. Minor, R. Winspear, and defendant Jones, were the owners, as tenants in common, of a tract of mining ground, at Forest Hill, Placer county, called the Dardanelles mining claims.  Defendant Jones, Adam McDonald, Benjamin Rowe, and Ann Corcoran, were the owners as tenants in common of an adjoining tract of mining ground, called the Oro claims.  The first named was called the Dardanelles Company, and the second

named was called the Oro Company. On the 30th of September, 1869, the members of the Dardanelles Company leased to the members of the Oro Company their mining claims, including a cañon leading from the claim down the side of the mountain to the river, through which they had been accustomed to wash their gold-bearing earth. Jones was, as a tenant in common in each company, both one of the lessors and one of the lessees. Jones owned a controlling interest in the Oro Company, and was its Superintendent. He, as such Superintendent, and on behalf of the Oro Company, sold to a company of Chinamen the gold-bearing tailings in the cañon, and received $1,900 therefor. The sale was made and the Chinaman worked out the tailings, and took therefrom about $1,900, in gold dust, after the lease had expired. Jones accounted to the Oro Company for the sum he thus received. Jones owned two and one half fifteenths of the Dardanelles claims, and the plaintiff six and one half fifteenths, and Minor three and one half fifteenths, and Winspear two and one half fifteenths. Minor and Winspear assigned to the plaintiff, who brought this action to recover twelve and one half fifteenths of the money Jones received from the Chinamen, and twelve and one half fifteenths of certain other sums which Jones had collected from persons who owed the Dardanelles Company. The theory of the plaintiff was, that at the expiration of the lease the tailings belonged to the Dardanelles Company; and that as Jones, as a tenant in common in the Dardanelles Company, had realized the money from its property, that he was liable to the other tenants in common for their proportions of the sums he had received. The plaintiff had judgment, and the defendant appealed.

*Hale & Craig,* for the Appellant.

It appears from the findings that defendant Jones neither asserted nor exercised any individual rights in the premises, but that his acts were on behalf of the Oro Company.

*B. F. Myres* and *C. A. Tuttle*, for the Respondent.

Jones and others not being a corporation, we had the right to proceed against Jones alone.

By the COURT:

The defendant in the transaction with the Chinamen acted not as a member of the Dardanelles Company, but as a member of the Oro Company, upon the books of which latter company the $1,900 were entered and accounted for as received for that company. Under these circumstances the action against Jones, as sustaining the relation of tenant in common with the plaintiff, cannot be maintained.

Judgment and order denying a new trial reversed and cause remanded. Remittitur forthwith.