MILLIGAN ET AL., appellants, *v.* SAVERY, respondent.

PRACTICE — *Mining claim action to determine right of possession — Allegations of complaint.* — An action brought under section 2326 of the United States Revised Statutes, to determine the right to the possession of a mining claim, should be instituted according to the forms and practice within the jurisdiction where the suit is commenced. In this territory the remedy of plaintiff, if in possession, is by action to quiet title; if not in possession, by action in the nature of ejectment. In the former case, the plaintiff must allege and prove possession; in the latter, he must allege an ouster by defendant, and maintains his action if he proves his right.

PLEADING — *Same* — *Instance of insufficient allegations.* — A complaint, in such action, which merely alleges that the plaintiff is the owner of the claim; that the defendant has applied for a patent to the same; that the plaintiff has filed his adverse claim, and brings his action to have the right of possession determined, is wholly insufficient.

*Appeal from Second District, Deer Lodge County.*

THE opinion states the facts.

T. L. NAPTON, for the appellants.

KNOWLES & DIXON, for the respondents.

WADE, C. J. This is an appeal from a judgment in favor of defendant, rendered on motion for a nonsuit. The complaint alleges that plaintiffs (appellants) now, and their predecessors in interest, have been for more than ten years prior hereto the owners and entitled to the possession of certain portions of the Atlantic Cable lode claim, situate in Deer Lodge county, which are particularly bounded and described; that the defendant has heretofore applied for a patent to said ground, and that the plaintiffs bring this action to determine the right to the possession of adverse mineral claims, described as claim No. 173, beginning at a point near the original survey of said lode and embracing claims Nos. 3 and 4 west from discovery on said lode; and that the plaintiffs own said portions of said lode as partners.

It is difficult to classify this complaint. It does not seem to be an action to quiet title under the statute, for it does not allege that the plaintiffs are in possession of the ground they claim, nor an action in the nature of ejectment, for it does not allege an entry and ouster by the defendant.

This action is brought under section 2326 of the Revised Statutes of the United States, to have determined the right to the possession of a mining claim, and ought to be instituted according to the forms and practice within the jurisdiction where the suit is commenced. In this territory, in such cases, if the plaintiff is in possession, he brings his action to quiet title; if he is not in possession, his action is in the nature of ejectment. In the former case the plaintiff must allege and prove possession; in the latter, he maintains his action if he establishes his rights. *Wolverton* v. *Nichols*, 5 Mont. 89.

Titles to mining claims before the government has parted with its title therein are merely possessory, and the office of an adverse claim to an application for a patent is to have determined the right to the possession. And an action for that purpose must be either one thing or the other. The plaintiff must either allege possession in himself, or an unlawful ouster by the defendant. Possession by the plaintiff or an ouster by the defendant are the material things, but they cannot be proved unless they are alleged.

The mere allegations in a complaint that the plaintiff is the owner of a claim; that the defendant has applied for a patent to the same; that the plaintiff has filed his adverse claim, and brings his action to have the right of possession determined, are wholly insufficient. Such an action might be carried on to the end while neither party was in possession. This would be contrary to the theory and doctrine of the law upon which all possessory titles to mining claims depend. Possession, or a valid representation, which is possession, and an ouster by the defendant, if the plaintiff is not in possession, must always be shown, and to that end must be averred.

If the complaint does not state a cause of action, this objection may be made in the supreme court for the first time. This we have repeatedly held, and a citation of the cases is unnecessary.

Looking into the evidence, there is no proof that plaintiffs or their grantors ever made a discovery in the ground they claim, or that they or their grantors were ever in the possession of such ground by virtue of a valid location and representation, or otherwise.

The judgment is affirmed, with costs.