**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52109**

| | | |
|---|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: December 26, 2024 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JOHN DOE (2024-34), | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Blessing Law Group PLLC; Rondee Blessing, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Christopher G. Sletvold, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights to John Doe I (Child). Doe argues the magistrate court erred in finding that he neglected Child or that Doe was unable to discharge his parental responsibilities, and such inability will continue for a prolonged indeterminate period of time and will be injurious to the health, morals, and well-being of Child. Doe further argues it is in Child's best interests to reunify with Doe. The magistrate court's judgment terminating Doe's parental rights is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of Child. In November 2021, Mother gave birth to Child. When Child was born, he tested positive for methamphetamines and was declared in imminent danger and

1

removed from Mother's care. Doe was incarcerated when Child was born, but Doe was later released. The magistrate court vested legal custody of Child with the Department of Health and Welfare (the Department). The Department prepared a case plan for Doe and Mother, and the magistrate court approved the plan. The case plan was designed to assist Doe and Mother to overcome the safety issues that brought Child into care and to reunify with Child. Doe and Mother initially exercised visitation together with Child. After some contention during visits, Doe and Mother's visits were split so each parent had their own time with Child. During these split supervised visits, Doe was an appropriate parent to Child and the Department had no safety concerns. Doe performed many of his case plan tasks during the pendency of the child protection case. Because Doe made significant progress on his case plan, the magistrate court granted Doe an extended home visit with Child. Doe's extended home visit was strictly conditioned on his adherence to a safety plan, which prohibited any unsupervised contact outside of the Department between Child and Mother. Doe almost immediately broke the safety plan by taking Child to Mother's home.

The Department filed a verified petition for termination of the parent-child relationship between Doe and Child in December 2022.[1] A trial was held on the matter. Subsequently, the magistrate court issued its findings of fact and conclusions of law, finding clear and convincing evidence that Doe neglected Child and termination of Doe's parental rights is in Child's best interests. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143

---

[1] The State also sought to terminate the parental rights of Mother. Her parental rights are not subject to this appeal.

Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Among other things, Doe argues the magistrate court erred by concluding that Doe neglected Child by failing to complete the case plan. The State argues that clear and convincing evidence supports the magistrate court's decision to terminate Doe's parental rights.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2008). Upon finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Doe argues the magistrate court erred because the State failed to present clear and convincing evidence that Doe neglected Child by failing to comply with the case plan. Doe argues that because he completed his case plan on the last day of the termination trial, the petition for termination should have been dismissed. Doe argues the magistrate court should have considered

3

both past and current conduct in determining whether the grounds existed for terminating a person's parental rights, citing *Doe*, 144 Idaho at 843, 172 P.3d at 1118.

Preliminarily, we note that Doe's brief fails to comply with Idaho Appellate Rule 35(a)(6) which sets forth the requirements for an appellant's brief. Subsection (a)(6) requires that the argument section of a brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." Doe fails to cite to any portion of the record in support of his argument, which is fatal to his claims on appeal.

Also problematic for Doe is that he does not address all the bases on which the magistrate court found Doe did not complete his case plan. The magistrate court found that Doe did not complete his case plan in two critical ways. First, Doe did not demonstrate he could be a protective parent. The magistrate court noted that Doe violated the safety plan almost immediately after Child came into his care on an extended home visit and that Doe's lack of insight by allowing Mother to have unsupervised access to Child put Child at risk. Second, the magistrate court found Doe's "ongoing and tumultuous association with Mother" was a "major safety issue and barrier to Doe's reunification with Child." The district court listed several factors in support of this finding: (1) Doe's failure to demonstrate skills of healthy boundaries and relationships after engaging in classes designed to address them; (2) Doe's use and exposure to illegal substances as a result of his relationship with Mother; (3) Doe's participation in Mother's violence against another person by providing transportation; (4) Doe's violent interaction with Mother over a cell phone; and (5) Doe's unwillingness to cut off contact with Mother. The magistrate court also found that although Doe and Mother testified that they are not involved in a relationship and that their interactions are purely sexual, their testimony is not credible given the evidence of their ongoing interactions. The magistrate court further noted that regardless of how Doe and Mother characterized their relationship, there were still ongoing safety issues because of their ongoing contact. Finally, the magistrate court found that despite Doe having a prolonged opportunity to work a case plan with the support and services of the Department to assist him in reunifying with Child, he did not complete his case plan.

Doe fails to present argument or authority challenging the magistrate court's findings that he failed to complete the case plan by failing to demonstrate he could be a protective parent and that his ongoing and tumultuous association with Mother was a "major safety issue and barrier to

4

Doe's reunification with Child." This is fatal to his claim because this Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Either of the magistrate court's findings, that Doe failed to complete the case plan based on failing to be a protective parent or his ongoing tumultuous relationship with Mother, independently justify the magistrate court's conclusion that Doe failed to complete the case plan.

Even if this Court addressed Doe's argument--that he completed the protective parenting program on the last day of the termination trial and, thus, did not fail to complete the case plan-- his argument fails because the magistrate court's findings that Doe failed to complete the case plan are supported by clear and convincing evidence. At the termination trial, Doe testified that he violated the safety plan by taking Child to Mother's residence during the extended home visit. Doe testified about his continued contact with Mother. Mother also testified about continued contact with Doe. Doe also testified that he relapsed on methamphetamine after having unauthorized contact with Mother. He further testified that he drove Mother to the home of a third party, where Mother engaged in a physical altercation with someone, and ultimately, Mother was charged with a crime. An officer testified to on-going problems between Doe and Mother. The officer testified that Doe told the officer that Doe went to Mother's residence to get his cell phone back from her and Mother told the officer that Doe punched her seven to eight times in the head with a closed fist and choked and smothered her with a pillow. Doe was arrested for attempted strangulation and domestic battery but ultimately pleaded guilty to an amended felony charge and was granted a withheld judgment and placed on probation.

Doe argues that because he completed the protective parenting class on the last day of the termination trial, the magistrate court erred in finding that he neglected Child by failing to complete the case plan. However, the Supreme Court has held that doing too little, too late, is insufficient to rebut the allegation of neglect by failing to complete the case plan. *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 754, 761, 390 P.3d 1281, 1288 (2017). Therefore, the magistrate court did not err in finding that Doe neglected Child by failing to complete the case plan.

Next, Doe argues "it is in the best interest of this child to reunify with him as [sic] asks this court to dismiss the petition for termination and order the Department to work towards reunification." However, in this case, the magistrate court found that it is in Child's best interests

to terminate Doe's parental rights. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe does not challenge the finding that it is in Child's best interests to terminate Doe's parental rights and thus has waived any claim of error. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. He fails to provide any authority or cogent argument to support his statement that he believes it is in the best interests of Child to reunify with him and thus, has also waived that argument. *Id.* As a result, we find the magistrate court did not error in finding that it is in Child's best interests to have Doe's parental rights terminated.

## IV.

## CONCLUSION

The magistrate court's findings that Doe neglected Child by failing to complete the case plan and that termination of Doe's parental rights is in Child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Therefore, the judgment terminating Doe's parental rights is affirmed

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.