**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53219**

| | | |
|---|---|---|
| In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE | ) ) | Filed: December 10, 2025 |
| | ) | |
| Petitioner-Respondent, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| v. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| JANE DOE (2025-37), | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Frederickson, State Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jessica L. Partridge, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jane Doe (2025-37) (Doe) appeals from the magistrate court's judgment terminating her parental rights to Jane Doe I (Child). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Child was born in 2018. On June 11, 2024, Child was removed from Doe's home and placed into foster care. A shelter care hearing was held the following day, and the Idaho Department of Health and Welfare (Department) was granted temporary custody of Child. Subsequently, the magistrate court held a disposition and case plan hearing, approved a case plan for Doe, and awarded legal custody of Child to the Department. The case plan required Doe to

1

complete a mental health and substance abuse assessment, comply with recommendations, and participate in random drug testing.

Doe completed a comprehensive diagnostic assessment (CDA) to comply with her case plan. The CDA recommended Doe participate in withdrawal management services (including case management services, residing in sober living, engaging in co-occurring services and counseling, and participating in Level 2.1 Intensive Out-Patient substance use disorder treatment). Doe was referred to a residential substance-use disorder treatment center and an in-patient substance-use disorder treatment center. Doe did not follow through with either of these referrals. Doe submitted to urinalysis only five times and each time she tested positive for methamphetamine. Even though the Department requested Doe to submit to testing twice per week, Doe chose not to do further testing.

In April 2025, Doe was arrested and charged with felony trafficking in methamphetamine and misdemeanor driving under the influence. As part of her pretrial release program, Doe was required to abstain from any illegal drug use and submit to drug testing. Doe participated in two different programs but failed to comply with the programs' requirements. Doe tested positive for methamphetamine three separate times and failed to attend approximately twelve requested tests. Due to this non-compliance, Doe has been incarcerated since July 2025.

The Department filed a petition for termination of Doe's parental rights to Child. The magistrate court found clear and convincing evidence that Doe failed to comply with the magistrate court's orders and case plan and neglected Child. The magistrate court also found it is in the best interests of Child to terminate Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143

2

Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

On appeal, Doe does not challenge the magistrate court's finding that Doe neglected Child. Doe only argues the magistrate court erred in finding it is in Child's best interests to terminate Doe's parental rights. The Department contends the magistrate court did not err in finding either Doe neglected Child or termination of Doe's parental rights is in Child's best interests. Because Doe does not challenge the magistrate court's finding that Doe neglected Child, we need only address whether termination of Doe's parental rights is in the best interests of Child.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's effort to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe asserts that the magistrate court focused the best interests analysis on her struggles with addiction but should have focused on whether the strong bond between Doe and Child should be permanently severed is in Child's best interests. Doe asserts because of her strong bond with Child and because Child is not suffering in foster care, the magistrate court should not have terminated her parental rights. In essence, Doe contends the magistrate court should have given her more time with her struggles with substance abuse.

3

The magistrate court found:

> [Doe's] substance abuse impacts all spheres of her life, making it difficult for her to obtain and maintain housing and employment. This Child Protection case began when [Doe] brought drugs and paraphernalia into her mother and stepfather's home, which was unacceptable to her hosts. [Doe] lost her housing opportunity with family and has been unhoused for the past fourteen (14) months. When out of jail, [Doe] has not obtained or maintained employment. The combination of [Doe's] substance abuse and her untreated mental health make her resistant to cooperating with authorities and receiving services. [Doe] has not demonstrated she can provide a safe and stable home environment for her child.

> It is fundamental to the best interest of [Child] and any child that she be allowed a stable, consistent home with sober caregivers who have the capacity to recognize and provide for her basic needs. While this court does not question [Doe's] enormous love for her child, love alone cannot meet a child's basic needs. [Doe] has not demonstrated the ability to maintain her sobriety and provide the safe and stable home that [Child] requires. The court has no confidence that [Doe] will change her circumstances or her behavior during [Child's] minority. Returning [Child] to [Doe's] care poses an unacceptable risk of significant physical and emotional harm. The threat of this real and predictable harm far outweighs the emotional distress [Child] will experience from severing her and [Doe's] relationship.

The magistrate court recounted Doe's substance abuse and failure to abide by rules and follow through with treatment recommendations. The magistrate court found Doe has struggled with addiction for twelve years with both opiates and methamphetamine. Doe was admitted into and successfully graduated from the Ada County Drug Court program. Doe was sober during the two years in the program, but within a few months following graduation, she relapsed and has not been substance-free except the thirty days of enforced sobriety while she has been in jail. Even during the court proceedings regarding Child, "Doe refused to engage in treatment or testing until she was arrested for felony trafficking of methamphetamine . . . and attending treatment became a condition of her Pre-Trial Release Program." Doe does not contest the magistrate court's findings. Doe has also been charged with trafficking methamphetamine. Additionally, Doe has been incarcerated since July 2025 for not complying with her pretrial release conditions, including the failure to maintain sobriety. Ultimately, the magistrate court concluded it had little confidence that Doe will be able to maintain sobriety. The magistrate court may consider the likelihood of reunification or a parent's ability to change his or her conduct to assume parental responsibilities in determining the best interests of a child. *State, Dep't of Health & Welfare v. Doe (2019-32)*, 166 Idaho 173, 179, 457 P.3d 154, 160 (2020).

4

Doe argues that, despite her continuing struggle with substance abuse, termination of her parental rights is not in Child's best interests because Doe has a significant bond with Child. A child's relationship with parents is a factor the magistrate court may consider when determining the best interests of a child in a termination of parental rights case. *See Doe v. Doe (2018-20)*, 164 Idaho 511, 516, 432 P.3d 60, 65 (2018). The magistrate court considered the strong bond between Doe and Child in its best interests analysis:

> The tragedy of this case is that there is unanimity that [Doe] and [Child] have a close and powerful bond. There is no question that [Doe] has great strengths as a parent, coming to her visits with food, crafts and planned activities. There is no question that [Doe] loves [Child] with all her heart and [Child] adores her mother.

The magistrate court further noted that severing the legal parent-child relationship between Child and Doe will be emotionally damaging to Child and will have a life-long impact on Child. The magistrate court, however, concluded termination is in Child's best interests to ensure the possibility of a healthy productive future. The magistrate court found the bond between Doe and Child does not outweigh "[Doe's] major and overwhelming barrier, [which] is her addiction to controlled substances and the wreckage [it] causes in her and [Child's] life." Love does not always translate into the ability to discharge parental responsibilities and Doe's love does not demonstrate error in the magistrate court's finding that terminating Doe's parental rights is in Child's best interests. *Idaho Dep't of Health and Welfare v. Doe*, 149 Idaho 165, 171, 233 P.3d 96, 102 (2010).

Doe argues the magistrate court could and should have maintained the status quo with her parental rights until Doe could work through the impediments to being able to provide Child a safe and stable home. Doe cites *Dep't of Health and Welfare v. Doe*, 150 Idaho 752, 762, 250 P.3d 803, 813 (Ct. App. 2011) for the proposition that the magistrate court's decision is not a binary choice between termination and immediate return of a child, but a magistrate court can allow the child to remain in foster care pending further proceedings. Doe contends that, because Child is not suffering in foster care, the magistrate court should have allowed Child to remain there without terminating Doe's rights.

After acknowledging the love between Doe and Child and the emotional damage to Child that termination would bring, the magistrate court posed the question whether termination was necessary despite the trauma it might cause. The magistrate court then noted that Doe requested more time to allow her to resolve her criminal case, return to the community, and demonstrate a

commitment to sobriety. However, the magistrate court again recounted Doe's significant treatment opportunities and her inevitable relapses. The magistrate court concluded it is a "near certainty" that Doe will resume substance abuse once released back into the community. Because of this, the magistrate court stated that returning Child to Doe during Child's minority poses an unacceptable risk of significant physical and emotional harm to Child, which real and predictable harm far outweighs the emotional distress Child will experience from severing the parent-child relationship. The magistrate court found Child should "be allowed a stable, consistent home with sober caregivers who have the capacity to recognize and provide for her basic needs." Thus, the magistrate court considered Doe's request for more time and concluded that more time would not result in sobriety for Doe or a safe and stable home for Child. The magistrate court's findings are supported by substantial evidence in the record. Clear and convincing evidence supports the magistrate court's conclusion that termination of Doe's parental rights is in Child's best interests.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's finding that termination of Doe's parental rights is in Child's best interests. Accordingly, the magistrate court's judgment terminating Doe's parental rights is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.